Allan NOWAK, Plaintiff,

v.

LEXINGTON INSURANCE
COMPANY, a foreign
insurer, Defendant.

No. 05–21682 CIV.

United States District Court,
S.D. Florida,
Miami Division.

May 26, 2006.

Brenton N. Ver Ploeg, Esq., Miami, FL, for Plaintiff.

Marc J. Gutterman, Esq., Candise L. Shanbron, Esq., Hollywood, FL, for Defendant.

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING PARTIAL SUMMARY JUDGMENT

MORENO, District Judge.

THE MATTER was referred to the Honorable Andrea M. Simonton, United States Magistrate Judge for a Report and Recommendation on January 11, 2006 (**D.E. No. 31**). The Magistrate Judge filed a Report and Recommendation (**D.E. No. 89**) on *April 26, 2006*. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation

present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Andrea M. Simonton's Report and Recommendation (**D.E. No. 89**) on *April 26, 2006* is **AFFIRMED** and **ADOPTED.** Florida Statute section 624.155(3)(b) contains a crystal clear notice requirement. It states:

> The notice shall be on a form provided by the department and shall state with specificity the following information, and such other information as the department may require:
>
> 1. The statutory provision, including the specific language of the statute, which authorized insurer allegedly violated.

§ 624.155(3)(b), Fla. Stat. (2005). Under the statutory scheme, notice is a condition precedent to filing suit. § 624.155(3)(a), Fla. Stat. (2005). Plaintiff, here, neglected to notify Defendant on the requisite form that he intended to sue for a violation of Florida Statute section 626.954(1)(i) and only gave proper notice as to an alleged violation of section 624.155(1)(b).

Among other creative arguments, Plaintiff argues it does not matter that the Civil Remedy Notice failed to reference section 626.954(1)(i) because he provided actual notice to the Defendant through correspondence. No reading of the statute permits an interpretation that allows for this type of notice. Simply stated, Plaintiff cannot maintain a separate cause of action under section 626.954(1)(i) because he failed to provide proper notice. Accordingly, it is

**ADJUDGED** that:

(1) Defendant's Motion to Dismiss is DENIED; and

(2) Defendant's Motion for Partial Summary Judgment as to Plaintiff's cause of action under Florida Statute § 626.954(1)(i) is GRANTED.

## REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION TO DISMISS OR FOR PARTIAL SUMMARY JUDGMENT

SIMONTON, United States Magistrate Judge.

Presently pending is before the Court is Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) or alternatively, Motion for Partial Summary Judgment (DE # 30, filed 1/9/06). This motion is fully briefed (DE ## 43, 51, 55). For the reasons stated below, it is recommended that the Motion to Dismiss be DENIED as untimely filed, and the Motion for Partial Summary Judgment be GRANTED.

At the outset, the undersigned notes that the Motion to Dismiss was untimely filed more than twenty days after the Complaint was served on Defendant on July 5, 2005 (DE # 3). See Fed.R.Civ.P. 12(a)(1)(A). Therefore, the Court will consider only the Motion for Partial Summary Judgment and will apply the appropriate standard.

### I. Background

Plaintiff Allan Nowak was insured under a personal Inland Marine Policy (the "Policy"), issued by Lexington Insurance Company ("Defendant"), against loss by theft at the Plaintiff's home. On May 2, 2002, during which time the Policy was in effect, artwork in excess of $150,000 was stolen from Plaintiff's home. Plaintiff timely notified Defendant of the theft loss and that he was making a claim under the Policy. After waiting more than six months for Defendant to investigate and pay the claim, Plaintiff filed a Civil Remedy Notice ("CRN") on November 11, 2002.[1] The

---

1. The November 11, 2002 CRN was re-filed on the appropriate form, at the Department of Insurance's request, on December 20, 2002.

The December 20th notice was approved by the Department and given an effective date of December 2, 2002. The only difference be-

CRN alleged that Defendant violated Florida Statute § 624.155(1)(b) and cited the specific language of the statute.[2] Plaintiff also briefly described the facts and circumstances giving rise to the violation.[3]

On November 26, 2002, Plaintiff filed a coverage lawsuit against Defendant. On December 6, 2002, Defendant declined coverage altogether. The lawsuit ultimately resulted in a jury verdict awarding Plaintiff $155,000 in damages plus pre-judgment interest, costs and attorney's fees, totaling more than $500,000.

On June 24, 2005 Plaintiff filed the instant lawsuit for statutory bad faith, pursuant to Fla. Stat. § 624.155. The instant motion followed.

## II. Legal Standard

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of meeting this standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 156, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In making its determination, the court should consider all of the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of that party. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir.1997). If the moving party meets its initial burden, the nonmoving party's failure to make a showing sufficient to establish the existence of an essential element of a claim requires the entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. Analysis

In his Complaint, Plaintiff alleges that Defendant violated both Florida Statute § 624.155(1)(b) and § 624.9451(1)(i).[4] Plaintiff also alleges that Defendant's actions in its conduct of the claim investigation and the underlying litigation "were in reckless disregard for the rights of the

tween the two CRNs is that the November CRN cites "claim delay" as the reason for the Notice, while the December CRN, filed after Defendant declined coverage entirely, cites "claim denial" as the reason for the Notice. They are otherwise substantively identical.

2. Plaintiff cited the following statutory language: "Not attempting in good faith to settle claim when, under all the circumstances, it could and should have done so had it acted fairly and honestly toward its insured and with due regard for his interests."

3. Plaintiff provided the following description: "On May 2, 2002, four paintings were stolen from the insured premises. The policy provides coverage for three of the four items. The value of these items is approximately $155,000.00. The insured has provided a Sworn Proof of Loss and all other material requested by the insurance company. More than sixty (60) days have passed since the Sworn Proof of Loss was submitted, and the insurance company has failed to make payment in violation of the terms of the policy of insurance. This notice is given in order to perfect the right to pursue civil remedy authorized by Florida Statute § 624.155."

4. Plaintiff's Complaint alleges that Defendant violated Florida Statute § 626.9451(1)(i) by: "(1) failing to adopt and implement standards for the proper investigation of claims; (2) failing to acknowledge and act promptly upon communications with respect to claims; (3) failing to properly notify its insured of additional information necessary for the processing of a claim; (4) failing to clearly explain the nature of information it eventually requested and the reasons why such information was necessary; (5) misrepresenting pertinent facts or insurance policy provisions relaying to the coverage at issue; and (6) making one or more material misrepresentations to its insured with the purpose of effecting settlement of his claim on less favorable terms than those provided in his policy."

Insured" and that the acts complained of constituted Defendant's "general business practices." [5] Defendant argues that partial summary judgment should be granted as to Plaintiff's allegations made pursuant to Florida Statute § 626.9451(1)(i) because Plaintiff failed to give Defendant proper notice of those violations, as required by Florida Statute § 624.155(3), since Plaintiff's CRN only alleged violations of Florida Statute § 624.155(1)(b). Plaintiff responds that Defendant's motion should be denied because (1) Defendant had actual notice that Plaintiff was alleging more than violations of § 624.155(1)(b), (2) Defendant knew that payment of Plaintiff's claim would have extinguished any cause of action under § 624.155, but it failed to take advantage of the sixty-day safe harbor to do so, and (3) evidence of § 626.9541(1)(i) violations are simply a way of demonstrating violations of § 624.155 that are an intrinsic part of demonstrating a(1)(b) violation.

The facts are undisputed regarding the civil remedy notice ("CRN") provided by Plaintiff, and the Court agrees with Defendant that summary judgment is appropriate on the § 626.9541(1)(i) cause of action. Florida Statute § 624.155, adopted by the Florida Legislature in 1982, provides a first-party bad-faith private right of action. Section 624.155(1)(b) provides a direct cause of action against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his or her interests." Section 624.155(1)(a) provides a right of action for an insurer's violation of certain enumerated provisions of Flori-

da's Unfair Insurance Trade Practices Act (Fla.Stat. § 626.9541), including § 626.9541(1)(i). Under § 624.155(5), punitive damages may not be awarded "unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are . . . [i]n reckless disregard for the rights of any insured . . . .".

As a condition precedent to filing a cause of action under § 624.155, the insurer must be given 60 days' written notice of the alleged violation. See Fla. Stat. § 624.155(3)(a). The notice must state with specificity the "statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated," and "[t]he facts and circumstances giving rise to the violation." Fla. Stat. § 624.155(3)(b)(1)-(2). The statute further provides that "[n]o action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation are corrected." Fla. Stat. § 624.155(3)(d) (Westlaw 2005). In *Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co.*, 753 So.2d 1278, 1284 (Fla.2000), the Florida Supreme Court explained that "[i]n creating this statutory remedy for bad-faith actions, the Legislature provided this sixty day window as a last opportunity for insurers to comply with their claim-handling obligations when a good-faith decision by the insurer would indicate that contractual benefits are owed."

The plain language of the statute clearly requires that an insured specify the statutory provision that it alleges an insurer violated. As the Court in *Talat* pointed out, the civil remedy provided by § 624.155 did not exist for first-party in-

5. More specifically, Plaintiff argues Defendant's actions constituted a general business practice "in that they (a) in some cases were expressions of standard company practices and procedures, (b) are steadfastly pro-

claimed by Defendant to be in conformity with what they contend are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices."

sureds prior to the adoption of the civil remedy statute. 753 So.2d at 1283. Therefore, since the statute is in derogation of common law, "it must be strictly construed." *Id.*, citing *Time Ins. Co. v. Burger*, 712 So.2d 389, 393 (Fla.1998). In this case, Plaintiff failed to meet a condition precedent plainly set out in the statute because he failed to notify Defendant in the CRN that he was alleging violations of § 626.9541(1)(i). Plaintiff's argument, that its correspondence with Defendant provided sufficient notice that Plaintiff intended to pursue causes of action other than those set out in § 624.155(1)(b), does not meet the statutory requirement. Plaintiff cites no legal authority for the proposition that actual notice is a substitute for the notice requirement provided in the statute.

■ Plaintiff next argues that the CRN provided sufficient notice under the statute because it made Defendant aware that it could extinguish any causes of action under § 624.155 by paying the insured's claim. Plaintiff contends that Defendant knew that it had sixty days to pay the claim, but failed to avail itself of the statutory safe harbor. Moreover, Plaintiff argues that even if Plaintiff had included the statutory language of § 626.9541(1)(i), Defendant's coverage opinion would not have changed. Therefore, Plaintiff asserts that allowing it to proceed on the § 626.9541(1)(i) allegations would comport with the purpose of the civil remedy notice "to give the insurer one last chance to settle a claim with its insured and avoid unnecessary bad faith litigation"-because the CRN gave Defendant sufficient notice to cure all the alleged violations within the

sixty-day safe harbor, and Defendant chose not to do so. *Lane v. Westfield Ins. Co.*, 862 So.2d 774, 779 (Fla. 5th DCA 2003).

Plaintiff's CRN did not, however, sufficiently warn Defendant that a separate cause of action would be instituted against it for failure to cure the violations now alleged in Plaintiff's Complaint under § 626.9541(1)(i).[6] For instance, in his Complaint, Plaintiff alleges that Defendant failed to adopt and implement standards for the proper investigation of claims. Defendant could have cured such a violation within the sixty-day window by adopting and implementing standards for the investigation of claims, but Defendant was not given notice in the CRN that a separate cause of action could be filed against it because of its failure to do so. *See, e.g. Longpoint Condominium Ass'n v. Allstate Ins. Co.*, 2005 WL 1315810 (N.D.Fla.2005) (insurer cured violation alleged in CRN, *i.e.*, failure to conduct a full and adequate investigation, by completing its investigation within 60–day safe harbor period, even though it did not pay claim within 60–day period, since CRN did not allege bad faith failure to pay claim). Thus, while the evidence of violations of § 626.954(1)(i), including Defendant's failure to adopt and implement standards, may be a way to show that Defendant did not, in good faith, attempt to settle the lawsuit, in violation of § 624.155(1)(b), Plaintiff cannot maintain a separate cause of action based upon a violation of § 626.9541(1)(i).[7]

Therefore, for the reasons stated above, it is

---

**6.** The undersigned also notes that the original CRN was filed on a form that included "check-off" boxes for each potential statutory violation, and that Plaintiff checked only the box that corresponded to a violation of § 624.155(1)(b)(1), and *did not* check the box labeled "626.9541(1)(i)".

**7.** Plaintiff also argues that § 626.9541(1)(i) is a method for demonstrating violations of § 624.155(1)(b) to the trier of fact. The Court will not determine, at this time, what facts will be permitted to prove Plaintiff's § 624.155 cause of action.

**RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6) (DE # 30, filed 1/9/06), be **DENIED as untimely filed** and that Defendant's Motion for Partial Summary Judgment, (DE # 30, filed 1/9/06), be **GRANTED**.

The parties will have ten days from the date of service of this Order within which to file written objections, if any, for consideration by the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993).

April 27, 2006.